UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10367 -RGS

UNITED STATES

v.

RAFAEL ROJAS-CAMILO

MEMORANDUM AND ORDER ON THE QUESTION OF
PRETRIAL DETENTION

March 25, 2015

STEARNS, J.

This case came before the court on an appeal from Magistrate Judge Hennessey's order of detention entered on January 5, 2015. The standard of review is *de novo*, although weight is given to the Magistrate Judge's findings of fact. *See United States v. Tortora*, 922 F.2d 880, 883 n.4 (1st Cir. 1990). The court held a hearing today, March 25, 2015, with the defendant present, where additional evidence and arguments were presented by the U.S. Attorney and defendant's counsel.

In ordering detention, Magistrate Judge Hennessy found the case to be a "close call," and I agree. In weighing the factors enumerated by the Bail Reform Act, 18 U.S.C. § 3142(g), the Magistrate Judge in Rojas's case gave the greatest weight to the nature of the offense (alleged drug

trafficking)[1] and the quality of the government's evidence. In support of his decision, the Magistrate Judge cited the transcripts of intercepted conversations that implicate Rojas in a scheme to launder money through his check cashing business in Lawrence, Massachusetts, at the service of the alleged ringleaders of what appears to be a lucrative heroin distribution enterprise. While I agree with the Magistrate Judge that the evidence of Rojas's participation in a money laundering conspiracy is strong, it does not necessarily follow that Rojas was also a participant in a conspiracy to distribute drugs. *See United States v. Dellosantos*, 649 F.3d 109, 115 (1st Cir. 2011) ("The agreement is the *sine qua non* of a conspiracy, and this 'element is not supplied by mere knowledge of an illegal activity . . . , let alone by mere association with other conspirators . . . ." (citation omitted)). Consequently, I give less weight to the presumption of dangerousness that flows from active drug distribution[2] than perhaps did the Magistrate Judge,

---

[1] Although an alleged violation of the Controlled Substances Act (or an offense exceeding a maximum ten years of imprisonment) gives rise to a presumption of flight and dangerousness, as the Magistrate Judge properly observed, the presumption imposes only a burden of production on a defendant. The government at all times bears the ultimate burden of persuasion. *See* 18 U.S.C. § 3142(e)(3).

[2] The Magistrate Judge also appears to have given weight to the fact that Rojas owns two firearms, one of which appears to have been improperly stored in his home (without a safety lock). I have given no weight to this fact as Rojas is properly licensed to own and carry firearms

as suggested by his reference to Rojas's "poison[ing] of the community well."³

On the other hand, I give more weight than did the Magistrate Judge to factors that I believe militate against flight. Rojas, while an immigrant from the Dominican Republic,⁴ has deep roots in the United States and is a naturalized U.S. citizen. He has a long record of gainful self-employment, is married, and has custody of two young daughters, ages 7 and 12, to whom, by all accounts, he has a close and parentally involved relationship. He has

---

by the Commonwealth of Massachusetts and has a constitutional right (not being subject to any disqualification) under the Second Amendment to do so in defense of "hearth and home." *See District of Columbia v. Heller*, 554 U.S. 570, 579, 592, 599 (2008).

³ To avoid any misunderstanding, I hasten to make clear that I do not condone money laundering in any form and recognize that access to the services of an alleged launderer like Rojas provides the blood supply to a major drug distribution scheme. I only question the strength of the evidence that Rojas himself was an active drug dealer and the finding that Rojas is an ongoing danger to the community. Whatever danger Rojas may have presented is passed and the more appropriate focus now is on the issue of potential flight.

⁴ The court takes judicial notice of the fact that the United States has had an extradition treaty with the Dominican Republic dating back to 1909, which has been recently amended to include the crime of conspiracy.

the support of a number of upstanding citizens of his community, and of great importance to the court, has no prior criminal record.[5]

ORDER

For the foregoing reasons, I am persuaded that the following conditions will reasonably assure Rojas's appearance and the safety of the community. As conditions prior to release, Rojas is ordered to:

(1) Post a bond of $250,000, to be secured by the two properties he owns at 567 Mount Vernon Street and 147-151 Farham Street in Lawrence, Massachusetts;

(2) Agree to submit to electronic GPS monitoring, at his personal expense;

(3) Agree to observe a home curfew from 8 PM to 6 AM daily;

(4) Agree to restrict any travel to the City of Lawrence, unless otherwise approved in advance by the Probation Office;

(5) Agree to report in person or by telephone as directed by the Probation Office;

---

[5] I discount the finding that Rojas has access to the "hundreds of thousands of dollars" that he laundered for the ringleader of the heroin conspiracy and might use the money to facilitate an escape. It is highly unlikely that the heroin suppliers in Sinaloa and Dominica who were the recipients of the cash would regard Rojas as having any right to demand its return.

(6) Agree to surrender prior to release any passport (of any country) in his possession and apply for no additional passport(s); and

(7) Agree to observe all other conditions of pretrial release as directed by the Probation Office.

(8) The court further requires that Yadissa Camilo accept appointment as the third-party custodian to act as a guarantor of Rojas's court appearances and to report any violations of the conditions of release forthwith to the court and the Probation Office.

This order of release is hereby <u>STAYED</u> until all of the above conditions are met to the satisfaction of the Probation Office and the court.

                SO ORDERED.

                <u>/s/ Richard G. Stearns</u>
                UNITED STATES DISTRICT JUDGE